## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KENNETH C. GRIFFIN,

     Plaintiff,

     v.

INTERNAL REVENUE SERVICE, *et al.*.

     Defendants.

Case: 1:24–mc–00066
Assigned To : Jackson, Amy Berman
Assign. Date : 6/17/2024
Description: Misc.

Case No. _____

### EMERGENCY MOTION TO QUASH SUBPOENA FOR DEPOSITION OF ANNELISE FABIAN OR, ALTERNATIVELY, FOR PROTECTIVE ORDER TO LIMIT THE SCOPE OF DEPOSITION

Pursuant to the Federal Rule of Civil Procedure ("FRCP") 45, Non-party Annelise Fabian, by and through undersigned counsel, respectfully moves this Court to quash the Subpoena to Testify at a Deposition in a Civil Action ("Subpoena") served by Plaintiff Kenneth C. Griffin ("Plaintiff") in *Griffin v. Internal Revenue Service, et al.*, Case No. 22-cv-24023-Scola/Goodman, which is pending in the United States District Court for the Southern District of Florida. Pursuant to Rule 45(d)(3), a motion to quash must be filed in the court for the district where compliance is required, which in this instance is in the District of Columbia. Ms. Fabian further seeks expedited briefing and hearing of this Motion because the deposition is to occur next week. However, pursuant to FRCP 45(f), Ms. Fabian consents to the transfer of this Motion to Quash to the issuing court—in part, because the below argument regarding the untimeliness of the subpoena turns upon an interpretation of the presiding judge's order.

Ms. Fabian requests that the Court quash the subpoena in its entirety as: (A) the notice of Ms. Fabian's deposition is untimely because the deposition request is not with the scope of the



limited extension of time for fact discovery granted by Judge Scola on May 30, 2024; and (B) a deposition of Ms. Fabian imposes an undue burden on Ms. Fabian as a non-party.  Her relevance to this matter is questionable and tangential, at best, and not unique to her, and the imposition upon her time and resources is significant.  Alternatively, to the extent the Court orders Ms. Fabian's appearance for a deposition, Ms. Fabian requests that the Court enter a protective order to limit the scope of the deposition by defining the scope of topics that are relevant and proportional to the needs of the case, as required by FRCP 26, so as to not impose an undue burden upon Ms. Fabian or otherwise serve an improper purpose to harass or embarrass her.

## FACTUAL BACKGROUND

Plaintiff Kenneth C. Griffin filed a lawsuit in the United States District Court for the Southern District of Florida, claiming that the Internal Revenue Service ("IRS") and the U.S. Department of the Treasury ("Treasury Department") (collectively, "Defendants") violated 26 U.S.C. § 7431(a)(1) by unlawfully disclosing Mr. Griffin's ("Plaintiff") confidential tax return information.  *See Griffin v. Internal Revenue Service, et al.*, Case No. 22-cv-24023-Scola/Goodman. The claim relates to the alleged unlawful inspection and disclosure of Plaintiff's confidential tax return information by an IRS contractor, Charles Littlejohn, to the press.

A key issue is whether Mr. Littlejohn constituted a government official or employee when Mr. Littlejohn was working as an IRS contractor.  *See* ECF No. 108, at 5.  In addition, Plaintiff propounds alternate theories of relief (1) that "the IRS should not have disclosed [Plaintiff's] confidential information to Mr. Littlejohn because he was not authorized to receive it;" and (2) that "IRS employees failed to employ appropriate data-security measures."  *Id*. at 8.

Ms. Fabian is not a party to this action.  She has served as an IRS contractor in the past, including a period in which she and Mr. Littlejohn were both IRS contractors—but the two

worked on different contracts for different entities, based in different office locations. Their work overlapped at times, and a personal relationship developed. Notably, Ms. Fabian's overlapping work relationship with Mr. Littlejohn concluded before the unauthorized disclosure of Plaintiff's tax return information, which Plaintiff denotes as November 2020. *See* ECF No. 111 at 1. Ms. Fabian was not an IRS contractor during the year when Mr. Griffin's tax return information was accessed and disclosed. *See* Fabian Decl. ¶ 5 (noting she did not work as a contractor for the IRS during calendar year 2020) (Exhibit 1); *see also* Factual Basis for Plea, *United States v. Littlejohn*, No. 1:23-cr-00343-ACR, ECF No. 9 at 3, ¶¶ 10, 12 (admitting to accessing IRS tax data of high-wealth persons in July and August 2020 and to contacting a news organization about such data in September 2020). During her prior employment as an IRS contractor, Ms. Fabian worked from a different office location and as part of a different contract team from Mr. Littlejohn. *See* Fabian Decl. ¶ 4. She was not part of the supervisory structure for Mr. Littlejohn. *Id.* at ¶ 4. There are certainly other individuals to speak to Mr. Littlejohn's duties, supervision, and access to IRS data during the timeframe for the unauthorized disclosure of Mr. Griffin's tax return information. Simply put, Ms. Fabian did not work as an IRS contractor during the crucial time period for the claim Mr. Griffin asserts.

On May 4, 2024, Ms. Fabian was served a subpoena duces tecum by Plaintiff via a process server; that subpoena sought twelve categories of documents to be produced within two weeks.[1] Thereafter, on May 8, 2024, undersigned counsel for Ms. Fabian confirmed to Plaintiff's counsel in writing her authorization to accept service of any deposition subpoena on behalf of Ms. Fabian so that Ms. Fabian would not be further bothered by a process server. (Exhibit A to Williams Decl. (Exhibit 2).) Not until June 11, 2024 did Plaintiff's counsel serve

---

[1] Ms. Fabian served timely objections and responses to the document requests on May 17, 2024, and produced her resume as a responsive document to the subpoena.

undersigned counsel with a subpoena for a deposition on June 25, 2024. (*Id.*)  There was no attempt to assess Ms. Fabian's or her counsel's availability for that day, and no justification or reasoning for why Plaintiff's counsel waited so long to issue the subpoena.

Ms. Fabian is a private citizen who recently resumed full-time employment[2], after being unemployed for many months.  Fabian Decl. ¶ 6.  Thus, it is imperative for her to maintain good standing with her new job position, and the cost of complying with a deposition is highly significant.  Doing so requires an imposition upon her own time, including work time, and the cost of legal counsel to advise in this process and to defend any deposition.  In her new employment, Ms. Fabian accrues time off and therefore has limited paid time off currently.  *Id.* ¶ 6.  Ms. Fabian is also scheduled to be out of town for four days during the intervening time before the noticed deposition, which impacts her ability to seek legal advice and counsel before the deposition.  *Id.* ¶ 8.  Additionally, a testimonial authorization is necessary to the extent that the Plaintiff seeks to elicit information regarding Ms. Fabian's prior work as an IRS contractor.  The request for that authorization was made last week to government counsel by Plaintiff's counsel, but an authorization has not yet been received.  The scoping of any authorization will also require further time and legal counsel for Ms. Fabian.  Plaintiff's delay in seeking a deposition of Ms. Fabian has created a forced urgency that is particularly inappropriate as to a non-party and justifies the quashing of the subpoena.

## LEGAL STANDARD

All civil discovery must be "relevant to any party's claim or defense" and "proportional to the needs of the case."  Fed. R. Civ. P. 26(b).  Rule 26's proportionality requirement mandates that courts consider "whether the burden or expense of the proposed discovery outweighs its

---

[2] In her current position, she is no longer supporting the IRS or a U.S. government agency.

likely benefit." *Id.* When discovery is sought from non-parties, the scope must be limited even more when considering the burden on non-parties. *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) ("Bystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery"). Special consideration must be given in the proportionality analysis under Rule 45 when a subpoena is issued to a non-party. *Id.*; *see Schaaf v. SmithKline Beecham Corp.*, No. 3:06-CV-120-J-25TEM, 2006 WL 2246146, at *2 (M.D. Fla., Aug. 4, 2006) ("Courts must also consider the status of a witness as a non-party when determining the degree of burden; the status of the person as non-party is a factor often weighing against" the issuing party). Pursuant to Rule 45, the party or attorney that issued and served the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

A court must quash a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Courts balance the interests served by complying with the subpoena against the interests served by quashing it, in order to determine if a subpoena is unreasonable and must be quashed. *In re Duque*, 134 B.R. 679, 683 (S.D. Fla. 1991). In other words, the benefits of discovery to the requesting party must outweigh the burdens on the non-party for the discovery request to be considered proportional and not unduly burdensome. *Va. Dep't of Corr.*, 921 F.3d at 189. Here, the undue burden to Ms. Fabian outweighs any knowledge she may have of Mr. Littlejohn's scopes of work and access prior to the 2020 time period of the unauthorized access and disclosure.

**ARGUMENT**

A.   The subpoena for Ms. Fabian's appearance for a deposition is untimely.

The Subpoena as to Ms. Fabian is untimely based upon the Court's discovery schedule.

Plaintiff's counsel contends that the Subpoena is timely because the deposition falls within the

"soon-to-be" scheduled language of Judge Scola's May 30, 2024 Scheduling Order.  That

cherry-picking of language does not comport with a reasonable interpretation of the Court's

order in light of the parties' briefing, as explained below.  More tellingly, it does not comport

with the facts because there was an unexplained delay in noticing Ms. Fabian's deposition.

Fact discovery in this case was previously ordered to close on June 10, 2024.  *See* ECF No. 75

(setting new unopposed fact discovery deadline but "forewarn[ing] any further extensions are

unlikely to be granted absent particularly extenuating circumstances").  On May 8, 2024,

Plaintiff nonetheless sought a 90-day expansion of the fact discovery period because discovery

materials in dispute were needed to "adequately prepare for 30(b)(6) and other fact depositions."

ECF No. 138 at 5.  On May 15, 2024, Plaintiff noticed the depositions of seven current and

former IRS employees and of a reporter.  *See* ECF No. 142 at 2.  Then on May 17, 2024,

Plaintiff noticed a Rule 30(b)(6) deposition.  *Id.*  In opposing the request for another 90 days of

fact discovery, Defendants had offered an extension of eighteen days for the "limited purpose of

taking depositions on dates and at locations that are agreeable to the parties and witnesses,"

because Plaintiff otherwise intended to conduct all nine depositions within the last two weeks of

discovery, including on weekends.  ECF No. 142, at 2-3.  As of the date of the government's

opposition (May 22, 2024), only four of the seven IRS personnel had been served with

deposition subpoenas.  *Id.* at 3.  Notably, Ms. Fabian was not one of the individuals that Plaintiff

had noticed for deposition.  And nothing in Plaintiff's reply brief regarding its extension request

6

suggests the need or potential need to seek more depositions than had already been noticed.  *See* ECF No. 143 at 6 ("Extending the discovery deadline in this case would properly enable Mr. Griffin to prepare for 30(b)(6) and fact depositions, using the discovery he will receive under Judge Goodman's order granting his motion to compel...").  On May 29, 2024, the government made a production pursuant to the Court's order on a motion to compel.[3]

On May 30, 2024, the Scheduling Order granted Plaintiff's motion "in small part" and extended fact discovery to July 1, 2024 "for the *limited purpose* of allowing extra time for Griffin to review the Government's recently compelled production in preparation for the *upcoming depositions* and *to reschedule those* depositions, if necessary."  ECF No. 146 at 2 (emphasis added).  The extension was to allow for Plaintiff "to adequately prepare for several recently, or soon-to-be, scheduled depositions."  *Id.* at 1.  There was no upcoming deposition of Ms. Fabian as of May 30, 2024 and, thus, no need to reschedule her deposition. The relief granted by the Court was to alleviate the log jam of depositions identified in the parties' briefing. Noticing the deposition of Ms. Fabian on June 11, 2024 goes beyond the scope of the limited discovery extension granted in Judge Scola's Scheduling Order because Ms. Fabian was not a deponent contemplated at the time of the order—nor raised by Plaintiff as a potential further need for extension.  The deposition subpoena for Ms. Fabian was not served until twelve days after this limited expansion of time and thirteen days after the production of the compelled discovery.

---

[3] Plaintiff previously moved to compel the production of documents by Defendants, requesting that the Court compel production of communications between Mr. Littlejohn and nine "IRS personnel," including Ms. Fabian.  ECF No. 111, at 9.  However, in Plaintiff's subsequent Reply, Plaintiff condensed the list of requested IRS personnel communications to five individuals "[i]n the event that the Court is not inclined to order" the production of all nine.  ECF No. 140, at 5, n.5.  The condensed list of IRS personnel did not include Ms. Fabian.  *Id.*  Thereafter, on May 15, 2024, the Omnibus Order of Magistrate Judge Goodman accepted Plaintiff's offer to condense the list of communications to compel to the five IRS personnel and required Defendants to produce the requested materials of Mr. Littlejohn's communications with "only the five individuals."  ECF No. 141, at 11.  The compelled production did not include communications between Mr. Littlejohn and Ms. Fabian.

Ms. Fabian's deposition does not fall under the limited scope described in the Scheduling Order, and, thus, the July 1, 2024 deadline does not apply.  As a result, the Subpoena served to Ms. Fabian is untimely as it was served on June 11, 2024, one day after the June 10, 2024 deadline for all fact discovery that does not fit within the scope of the limited-purpose extension. Further, the Subpoena was served twelve days after the Scheduling Order was filed.  Plaintiff knew the limited scope of the fact discovery extension and still waited twelve days to serve Ms. Fabian's deposition subpoena.  Plaintiff's lack of diligence has furthered the burden upon Ms. Fabian and does not comport with Plaintiff's strained interpretation of "soon-to-be [] scheduled depositions."

Accordingly, the Subpoena noticing Ms. Fabian's deposition is untimely as it is beyond the scope of the limited purpose extension granted in the Scheduling Order and the applicable deadline of June 10, 2024 for all discovery not within the limited exception has passed.  Thus, the subpoena should be quashed in full and reasonable attorneys' fees for litigating this issue should be awarded to Ms. Fabian for the undue burden and expense of this Motion.

B.    <u>Even if Ms. Fabian's deposition is deemed timely noticed, the deposition request must be quashed under Rule 45 because it is not proportional to the discovery needs of this case.</u>

As Ms. Fabian is a non-party, special consideration must be given in the proportionality analysis under Rule 45.  *Va. Dep't of Corr.*, 921 F.3d at 189; *Schaaf*, 2006 WL 2246146, at *2. The interests served by compliance with the Subpoena must outweigh the interests served by protecting the non-party from the undue burden of the Subpoena by quashing it.  *In re Duque*, 134 B.R. at 683; *Va. Dep't of Corr.*, 921 F.3d at 189.

The Subpoena is disproportional to the needs of this case.  Ms. Fabian, a non-party, is not relevant to the privacy concerns and release of tax information between Plaintiff and Defendants, which is the crux of this case.  Ms. Fabian was not employed in a position that involved work for

the IRS during the alleged time period of the unauthorized access of Plaintiff's tax returns and

tax information (i.e. 2020)—a fact which undersigned counsel has made known to counsel for

Plaintiff multiple times: first, on May 16, 2024 in a conversation regarding the subpoena duces

tecum; again, with the production of Ms. Fabian's resume on May 17, 2024; and most recently,

after the service of the Subpoena at issue, via a June 12, 2024 phone call and a follow-up June

14, 2024 email.  Just because Ms. Fabian previously worked as one of a multitude of contractors

for the IRS before the time period of the unauthorized access and disclosure of Plaintiff's tax

return information, coupled with Ms. Fabian's personal relationship with Mr. Littlejohn[4], does

not render Ms. Fabian's deposition relevant nor proportional to the needs of this case.  *See*

*Kiepert v. County of Volusia*, No. 6:17-CV-1632-Orl-41GJK, 2018 WL 5044254, at *3 (M.D.

Fla. Sept. 21, 2018) (granting a motion to quash despite the issuing party arguing that the non-

party likely had relevant information because of a close relationship with a person who had

personal knowledge).  Given the likely dozens of other individuals within the IRS and

Littlejohn's contractor company with more direct knowledge of his job function, the true purpose

of seeking to depose Ms. Fabian is called into question.  To the extent Ms. Fabian is being

targeted by the Plaintiff because of her personal relationship, rather than her personal knowledge

of information relevant to this case, such use of a subpoena is inappropriate and harassing.

Even ignoring the fact that Ms. Fabian was not an IRS contractor during this critical time

period in 2020, Ms. Fabian's prior relationships with the IRS are of limited probative value and

there are likely current personnel within the IRS (which is a party to this action) from whom

such information could be sought without burdening Ms. Fabian.  Furthermore, Plaintiff has

essentially conceded that Ms. Fabian is not essential in comparison to other individuals who are

---

[4] Mr. Littlejohn was deposed in this case before reporting to begin his sentence.

or were IRS personnel. *See* ECF No. 140, at 5, n.5. In the briefing of a recent motion to compel, Plaintiff reduced the list of requested IRS personnel communications to five individuals "[i]n the event that the Court is not inclined to order" the production of emails with all nine IRS personnel originally identified. *Id.* The condensed list of IRS personnel did not include Ms. Fabian. *Id.* Thereafter, on May 15, 2024, Magistrate Judge Goodman accepted Plaintiff's offer to reduce the communications sought to the five IRS personnel and required Defendants to produce the requested materials of Mr. Littlejohn's communications with "only the five individuals." ECF No. 141 at 11. Therefore, that concession by Plaintiff supports that the burden here to Ms. Fabian outweighs the needs of the case. If Ms. Fabian's communications with Mr. Littlejohn, the individual who leaked the tax information that is the basis for this case, are not essential to Plaintiff's case when seeking discovery from a *party*, then seeking the deposition of Ms. Fabian, a non-party, is not proportional to the discovery needs of the Plaintiff. The Subpoena must be quashed.

C.   The undue burden to Ms. Fabian as a non-party outweighs any potentially relevant information she may have and favors quashing this Subpoena.

Plaintiff inflicts an undue burden upon Ms. Fabian's time and resources in forcing Ms. Fabian to publicly inject herself into this case and to respond to the disproportional Subpoena. "The Rule 45 'undue burden' standard requires district courts supervising discovery to be generally sensitive to the costs imposed on third parties." *Alarm.com Inc. v. Doty*, No. MC 21-139 (CKK), 2022 WL 18542490, at *3 (D.D.C. Feb. 1, 2022) (citing to *Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007)).

Ms. Fabian, a non-party, is unduly burdened financially by this deposition request. It comes after she has already responded to a subpoena duces tecum in which she noted no relevant documents as to numerous requests. That response already involved Ms. Fabian's time and the

cost of engagement of counsel.  Without unnecessarily infringing on Ms. Fabian's personal circumstances and right to privacy, Ms. Fabian is not in a financial position to take off one full workday to be deposed in this matter.[5]  Ms. Fabian recently started new employment in May 2024.  As of June 25, 2024, the date of the noticed deposition, Ms. Fabian will only have approximately 6 hours of accrued paid time off and 8 hours of personal time.  *See* Fabian Decl. ¶ 6.  Thus, Ms. Fabian would likely have to take all of her leave to prepare for and be deposed and, therefore, would be hampered from using her leave as she wishes and needs for herself.[6]  This is particularly meaningful as Ms. Fabian recently went through a period of many months without employment.  Additionally, Ms. Fabian has already scheduled out-of-town travel from June 21, 2024, until June 24, 2024, which would not leave sufficient time for Ms. Fabian to confer with undersigned counsel and prepare for the deposition as noticed for June 25, 2024.[7]  *See* Fabian Decl. ¶ 8.

In addition to the financial strain of this Subpoena, the deposition request of Ms. Fabian was not conducted in good faith.  Undersigned counsel stated via email on May 8, 2024, that she was authorized to accept service of a deposition subpoena on behalf of Ms. Fabian.  In a meeting on May 16, 2024 between undersigned counsel and Plaintiff's counsel regarding the subpoena duces tecum addressed to Ms. Fabian, dated April 30, 2024, undersigned counsel reiterated her authorization to accept service of a deposition subpoena but also conveyed that Ms. Fabian was an individual with tangential relevance, at best, to the current litigation.  Thereafter, Plaintiff's counsel did not communicate further with undersigned counsel about any deposition until June

---

[5] Should the Court seek further details of Ms. Fabian's finances, Ms. Fabian would ask to provide such material for in camera review or under seal to preserve her privacy.
[6] The disparity in the fact that Ms. Fabian, a non-party to this matter who is in a wholly different financial class as compared to Plaintiff, is facing financial burdens and potential employment consequences because of the discovery requests of Plaintiff is an issue for which Rule 45 directs relief, as discussed in Section E below.
[7] Plaintiff's counsel has stated that it is amenable to moving the deposition to Friday, June 28 or the weekend in light of Ms. Fabian's travel and work commitments.

11, 2024.  One day after the June 10, 2024, fact discovery deadline, Plaintiff's counsel served the undersigned with Ms. Fabian's deposition Subpoena for June 25, 2024.  (Exhibit A to Williams Decl.)  There were no discussions between the parties in the intervening weeks regarding any intent to proceed with seeking the deposition of Ms. Fabian.  Noticing a deposition of a non-party at the eleventh hour of discovery is itself an undue burden and indicative that the non-party is not central to the issues in the case.  *See Amini Innovation Corp. v. McFerran Home Furnishings, Inc*., 300 F.R.D. 406, 411 (C.D. Cal. 2014) (quashing a third-party deposition subpoena where the information was obtainable from other sources and noting "[h]ad [the issuing party] truly considered [the third-party] a critical witness, it is unlikely that it would have waited until just *six weeks* before the close of discovery to serve the subpoena.") (emphasis added).

Before filing this Motion, undersigned counsel and Plaintiff's counsel conferred regarding their positions as to the timeliness and proportionality of the Subpoena.  Undersigned counsel represented Ms. Fabian's position, indicating, among other things, that Ms. Fabian was not an IRS contractor during the critical period of the unauthorized disclosure of Plaintiff's tax return information, that Ms. Fabian is not relevant to the case at-hand, and that the Subpoena would cause Ms. Fabian undue financial and time burdens due to her new employment situation. The undersigned, in making a good faith effort to resolve this dispute outside of court, offered to provide a declaration from Ms. Fabian indicating the accuracy her employment status in 2020. Plaintiff's counsel expressed a willingness to alter the date of the deposition but has not withdrawn the Subpoena, which necessitated this filing.

D.      Even if the Court holds the deposition of Ms. Fabian as proportional to the needs of this case, Ms. Fabian requests a protective order limiting the deposition topics.

If the Court deems Ms. Fabian's appearance for a deposition to be proportional to the needs of this case, Ms. Fabian, through undersigned counsel, respectfully requests that the Court issue a protective order to identify the subject matters the Court considers proportional and relevant.  The Court has broad discretion to enter orders that limit and manage discovery.  *See, e.g., Seropian v. Wachovia Bank, N.A.*, No. 10-80397-CIV, 2011 WL 13225073, at *2 (S.D. Fla. Feb. 28, 2011) ("The Court may also limit discovery of relevant material upon a determination the discovery sought is unreasonably cumulative or duplicative, obtainable from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs the likely benefit") (citing to *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th Cir. 1987) ("A district court has broad discretion when fashioning protective orders")).  Pursuant to Rule 26(c), the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including [by]… forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."  Fed. R. Civ. P. 26(c)(1)(D).

The reason for this request is twofold.  First, it would protect the privacy of Ms. Fabian, a non-party, so that Ms. Fabian's personal and inherently private matters are not subject to scrutiny by Plaintiff through the deposition.[8]  Plaintiff's counsel has expressed that it intends to inquire about Ms. Fabian's work as an IRS contractor but has not foreclosed asking about other topics related to Littlejohn and his conviction, or other topics.  Plaintiff and Ms. Fabian have a

---

[8] Ms. Fabian has a personal relationship with Mr. Littlejohn.  While acknowledging this fact, Ms. Fabian requests this Court to specify the proportional topics for her deposition in the event that the Court does not quash the Subpoena in order to protect Ms. Fabian and avoid any undue harassment, embarrassment, or attempts to pressure Ms. Fabian because of or in spite of her relationship with Mr. Littlejohn.

fundamental disagreement regarding what topics would be relevant and proportional for any

deposition. Second, it would promote judicial efficiency as specifying the relevant topics to be

covered in the deposition would allow the parties to avoid any further deposition-related disputes

in real time.  This is especially concerning due to the late nature of the deposition.  Therefore, if

Ms. Fabian's deposition is held to be proportional, guidance provided by the Court would assist

the parties in efficient, respectful, and germane discussions as to Ms. Fabian's deposition.

E.      Ms. Fabian should be awarded lost wages and attorneys' fees incurred in responding to
        the Subpoena.

        In this action, Ms. Fabian is "powerless to control the scope of litigation and discovery,

and should [therefore] not be forced to subsidize an unreasonable share of the costs of a

litigation" that does not concern her.  *See Valcor Engineering Corp. v. Parker Hannifin Corp.,*

No. 8:16-CV-00909, 2018 WL 3956732, at *1 (C.D. Cal. July 12, 2018) (holding that a court

must order the issuing party to bear at least enough of the cost of compliance to render the

remainder "nonsignificant" for the non-party).  Rule 45 mandates that the Court ensure that non-

parties facing undue burden by compliance with a subpoena be granted relief.  *See* Fed. R. Civ.

P. 45(d)(1) ("The court for the district where compliance is required must enforce this duty and

impose an appropriate sanction, which may include, but is not limited to, loss of earnings and a

reasonable attorney's fee" when the issuing party does not take reasonable steps to avoid

imposing an undue burden); *see also Koopmann v. Robert Bosch LLC*, No. 18-CV-4065, 2018

WL 9917679, at *1 (S.D.N.Y. May 25, 2018) (noting Rule 45 makes cost shifting mandatory in

instances in which a nonparty incurs significant expense from compliance with a subpoena).  The

*Koopman* court considered the following factors: (1) whether the nonparty actually has an

interest in the outcome of the litigation, (2) whether the nonparty can more readily bear the costs

than the requesting party, and (3) whether the litigation is of public importance.  *Id.*  Here, Ms.

Fabian does not have an interest in the outcome of the litigation and certainly cannot bear the costs more readily than Plaintiff, who is a billionaire.

Plaintiff failed to comply with Rule 45 by not taking reasonable steps to avoid imposing an undue burden and expense on Ms. Fabian because the discovery sought from Ms. Fabian is not proportional to the needs of the case, other IRS personnel who have been or will be noticed are better suited to provide the information sought by Plaintiff, and Ms. Fabian will be financially burdened by taking her limited leave in preparation for and during the deposition and by retaining counsel to defend the deposition. Those costs will come after Ms. Fabian has already incurred legal costs as to the subpoena duces tecum. Plaintiff and his counsel are aware of the burdens this Subpoena has and will continue to impose on Ms. Fabian if it is not quashed. Ms. Fabian is a non-party to this case and should not have to bear the cost and undue burden of being deposed.

The appropriate sanctions must be analyzed under a standard of reasonableness. Due to the financial expenses and additional undue burdens on Ms. Fabian that are caused by Plaintiff's deposition request, Ms. Fabian, through undersigned counsel, respectfully requests that the Plaintiff is ordered to pay Ms. Fabian's attorneys' fees and any lost wages and that the Court grant any and all additional relief as the Court deems just and proper.

## CONCLUSION

Based upon the foregoing facts and legal argument, the Subpoena seeking Ms. Fabian's testimony was untimely issued as Ms. Fabian's deposition does not fall within the scope of the limited purpose extension of fact discovery, and thus, the applicable deadline of June 10, 2024 has passed. Even if the Court holds Ms. Fabian's deposition to be timely and permissible, it is disproportional to the discovery needs of the case and imposes an undue burden and expense on

Ms. Fabian, a non-party to this matter.  Accordingly, Ms. Fabian, through undersigned counsel, respectfully requests that the Court quash the Subpoena in full or, alternatively, to issue a protective order limiting the scope of her deposition.

Dated: June 17, 2024                                           Respectfully submitted,

                                                                    Karen D. Williams (DC# 1002902)
                                                                    COZEN O'CONNOR
                                                                    1200 19th Street NW, Suite 300
                                                                    Washington, DC 20036
                                                                    Telephone: (202) 912-4800
                                                                    Facsimile: (866) 413-0172
                                                                    kwilliams@cozen.com

                                                                    *Counsel for Non-Party Annelise Fabian*

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7(m)

Undersigned counsel conferred with counsel for Plaintiff by phone on June 12, 2024 and by email on June 14, 2024 and June 17, 2024 in a good-faith effort to resolve the issues raised herein, but was unable to reach any resolution of the issues.

                                                                    Karen D. Williams

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 17, 2024, a copy of the foregoing was transmitted to all parties of record via email and U.S. mail as listed below.

Jason D. Sternberg
Quinn Emanuel Urquhart & Sullivan LLP
2601 South Bayshore Drive, Suite 1500
Miami, FL 33133
jasonsternberg@quinnemanuel.com

William A. Burck
Derek L. Shaffer
Alexander J. Merton
Quinn Emanuel Urquhart & Sullivan LLP
1300 I Street NW, Suite 900
Washington, DC 20005
williamburck@quinnemanuel.com
derekshaffer@quinnemanuel.com
ajmerton@quinnemanuel.com

John F. Bash (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan LLP
300 West 6th St, Suite 2010
Austin, TX 78701
johnbash@quinnemanuel.com

Christopher D. Kercher
Peter H. Fountain
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor,
New York, New York 10010
christopherkercher@quinnemanuel.com
peterfountain@quinnemanuel.com

*Counsel for Plaintiff*

Beatriz T. Saiz
Mary Elizabeth Smith
Stephanie A. Sasarak
U.S. Department of Justice
P.O Box 227
Washington, DC 20044
Beatriz.t.saiz@usdoj.gov
Mary.E.Smith@usdoj.gov
Stephanie.A.Sasarak@usdoj.gov

*Counsel for Defendants*

Karen D. Williams