# Exhibit 2

# DECLARATION OF KAREN D. WILLIAMS IN SUPPORT OF EMERGENCY MOTION TO QUASH SUBPOENA FOR THE DEPOSITION OF ANNELISE FABIAN

I, Karen D. Williams, hereby declare the following:

1. I am a member with the law firm Cozen O'Connor, and I am counsel for Annelise Fabian, a resident of the District of Columbia.

2. I respectfully submit this Declaration in Support of Ms. Fabian's Emergency Motion to Quash Subpoena for Deposition of Annelise Fabian or, Alternatively, for a Protective Order to Limit the Scope of Deposition ("Motion to Quash") in relation to *Griffin v. Internal Revenue Service, et al.*, Case No. 22-cv-24023-Scola/Goodman, which is pending in the United States District Court for the Southern District of Florida.

3. Attached hereto as **Exhibit A** is a true and correct copy of correspondence from Plaintiff Griffin's counsel to Non-party Ms. Fabian's counsel on June 11, 2024, which included an attachment. A true and correct copy of the attachment is included in **Exhibit A**, but Ms. Fabian's home address has been redacted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 17, 2024

By: Karen D. Williams
Karen D. Williams

# Exhibit A

---

**From:** AJ Merton <ajmerton@quinnemanuel.com>
**Sent:** Tuesday, June 11, 2024 2:09 PM
**To:** Williams, Karen D. <KWilliams@cozen.com>
**Cc:** Clayton, Deanna <DClayton@cozen.com>; William Burck <williamburck@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>
**Subject:** RE: Ms. Annelise Fabian

****EXTERNAL SENDER****

Hi Karen—

In accordance with your authorization to accept service below, please find the attached deposition subpoena for Ms. Fabian.

Very best,

AJ

**Alexander J. Merton** | **Partner** | **Quinn Emanuel Urquhart & Sullivan, LLP** | 202.538.8226 Direct

---

**From:** Williams, Karen D. <KWilliams@cozen.com>
**Sent:** Wednesday, May 8, 2024 2:21 PM
**To:** AJ Merton <ajmerton@quinnemanuel.com>
**Cc:** William Burck <williamburck@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Williams, Karen D. <KWilliams@cozen.com>
**Subject:** RE: Ms. Annelise Fabian

AJ,
Yes, I represent Ms. Fabian. I am authorized to accept service of the subpoena you have indicated below on behalf of Ms. Fabian. However, please also advise of your basis for seeking a deposition of my client regarding *Griffin v. IRS et al.*

Regards,
Karen

COZEN O'CONNOR

**Karen Williams**
**Member | Cozen O'Connor**
1200 19th Street, NW | Washington, DC 20036
P: 202-304-1452 F: 202-540-9682
Pronouns: she, her, hers
Email | Map | cozen.com

---

**From:** AJ Merton <ajmerton@quinnemanuel.com>
**Sent:** Tuesday, May 7, 2024 4:45 PM
**To:** Williams, Karen D. <KWilliams@cozen.com>
**Cc:** William Burck <williamburck@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Jason

Sternberg <jasonsternberg@quinnemanuel.com>
**Subject:** Ms. Annelise Fabian

****EXTERNAL SENDER****

Ms. Williams,

Good afternoon.

As you might know, this firm represents Mr. Kenneth C. Griffin in *Kenneth C. Griffin v. Internal Revenue Service et al.*, Case No. 1:22-cv-24023, pending in the U.S. District Court for the Southern District of Florida.

I understand that you and/or your firm represents or represented Ms. Annelise Fabian, is that accurate, and if so, are you authorized and willing to accept service of a subpoena seeking her deposition testimony in the above referenced case?

Please let me know.

Very best,

AJ

Alexander J. Merton
Partner
**Quinn Emanuel Urquhart & Sullivan, LLP**

1300 I. St. NW, Suite 900
Washington, D.C. 20005
202.538.8226 Direct
202.538.8100 Fax
ajmerton@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

***Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.***

***Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the***

***sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.***

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

KENNETH C. GRIFFIN
*Plaintiff*
v.
INTERNAL REVENUE SERVICE and U.S. DEPARTMENT OF THE TREASURY
*Defendant*

Civil Action No. 22-cv-24023-Scola/Goodman

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Annelise M. Fabian, [redacted]

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| Quinn Emanuel Urquhart & Sullivan LLP<br>1300 I Street NW, Suite 900, Washington DC, 20005 | 06/25/2024 9:00 am |

The deposition will be recorded by this method: Videography and stenography

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/11/2024

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ *Jason D. Sternberg*

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Kenneth C. Griffin , who issues or requests this subpoena, are:

Jason D. Sternberg, Quinn Emanuel Urquhart & Sullivan LLP, 2601 South Bayshore Dr, Suite 1550, Miami, FL 33133, jasonsternberg@quinnemanuel.com (305) 402-4880

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 22-cv-24023-Scola/Goodman

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ____________
______________________________________________
______________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).